FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUN 22 2017 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

ABDUL RAHIM HOWARD,

        Plaintiff,

        v.

HERMAN QUAY III, DEWAYNE HENDRIX,
MARCUS BRANCH, ANDY CRUZ,
KIMBERLY ASK-CARLSON, GLENFORD
EDWARDS, JERMAINE WILKINS,

        Defendants.

-----------------------------------------------------------------x

Civil Action No.
1:15-CV-4549
(Garaufis, J.)
(Bloom, M.J.)

## STIPULATION AND ORDER FOR THE
## PROTECTION OF DOCUMENTS AND INFORMATION

WHEREAS, Plaintiff Abdul Rahim Howard ("Plaintiff") brought the above-captioned action against Defendants Herman Quay III, DeWayne Hendrix, Marcus Branch, Andy Cruz, Kimberly Ask-Carlson, Glenford Edwards, and Jermaine Wilkins (collectively, "Defendants") pursuant to, *inter alia*, *Bivens* and the Religious Freedom Restoration Act;[1]

WHEREAS, Plaintiff seeks to discover certain information and documents that are maintained by the Bureau of Prisons and other agencies of the United States of America, that are relevant to this action, and Defendants contend that such information and documents are protected by the law enforcement privilege and/or concern highly sensitive or confidential matters that would jeopardize the objectives of law enforcement if released to the general public;

---

[1] Defendants are responding to Plaintiff's first document request only to the extent that Defendants are named in their official capacities under the Religious Freedom Restoration Act of 1993, 42 U.S.C. §§ 2000bb, *et seq.* To the extent that documents are sought from the United States pursuant to *Touhy v. Ragen*, 340 U.S. 462 (1951), the United States shall be authorized to produce such documents subject to the provisions of this Stipulation and Order.

WHEREAS, the parties agree that the documents and information are also protected from disclosure by various privileges and/or federal and state privacy laws and regulations, including, but not limited to, the Privacy Act of 1974, 5 U.S.C. § 522a ("Privacy Act");

WHEREAS, in order to permit the parties to discover certain such information and documents relevant to the subject matter of this case without making this confidential or privileged information public, the Court hereby enters this Stipulation and Order for the Protection of Documents and Information ("Protective Order") pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 5 U.S.C. § 522a(b)(11), for the purposes of assuring the protection and confidentiality of such information and documents.

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the parties, through their counsel, as follows:

1. In response to discovery requests, Defendants may designate as "Confidential Material" any document that contains: information covered by the Privacy Act; the law enforcement privilege; Bureau of Prisons ("BOP") personnel and disciplinary-related records; records of investigations regarding the conduct of employees of the BOP; names of BOP inmates other than Plaintiff; medical records; information that the parties agree are subject to this Protective Order; information that is otherwise sensitive; and information that the Court directs to be produced subject to this Protective Order  The United States and its agencies and employees are authorized pursuant to 5 U.S.C. § 552a(b)(11) to produce such records pursuant to the terms contained herein.

2. "Confidential Material" shall be used solely for the purposes of this litigation, and shall not be used for any other purpose or suit, nor published to the general public in any form, or used for any business or commercial purpose.

2

3. Defendants shall designate "Confidential Material" by placing on the documents, records and/or information to be produced a "Confidential" notice or its equivalent. Any confidential designation that is inadvertently omitted following the entry of this Protective Order will not constitute a waiver of confidentiality, and may be corrected by written notification to the Plaintiff.

4. Plaintiff shall not make copies of "Confidential Material" except to the extent necessary for the litigation of this action and the parties' preparation of this action for trial.

5. "Confidential Material" shall be handled as follows:

(a) Information designated as "Confidential Material" shall not be disclosed to the public in any form by the parties or their respective counsel, nor disclosed to any other person or entity without further order of the Court or stipulation by the parties.

(b) Information designated as "Confidential Material" may be disclosed by the parties or their respective counsel only to the following persons: (1) the parties to the action whose counsel have executed this Protective Order on their behalf, including any officers, managers or directors of such parties, or any current or former employees of such parties who are authorized to act on the parties' behalf, or who may be reasonably necessary to aid counsel in the prosecution or defense of this action; (2) counsel of record for the parties and such counsel's regular and temporary employees, including, but not limited to, legal assistants, paralegals and clerical or other support staff; (3) outside vendors who perform microfiching, photocopying, computer classification, or similar clerical functions, but only for the time period necessary to perform those services; (4) the Court and its personnel provided that such confidential information is filed under seal in accordance with paragraph 14 of this Protective Order; (5) court reporters who record depositions or other testimony in this case; (6) witnesses qualified as experts and identified as such

in good faith, including, but not limited to, translators and interpreters; (7) witnesses at any deposition in this action, subject to the provisions of paragraph 12 of this Protective Order; (8) consultants not in the regular employ of the parties that are needed to assist counsel of record in the litigation or trial of this action; (9) witnesses expected to testify at trial; and (10) any other person to whom the party who originally designated the material as confidential agrees in writing after being given five (5) business days written notice.

6. In response to Plaintiff's discovery request, Defendants may designate documents or information that meets the definition of Confidential Material, as defined above, and that Defendants have good cause to believe is of a highly sensitive nature and should not be copied or transmitted to anyone but the attorneys in this case, as "Confidential Information – Attorneys' Eyes Only."

7. Any documents Defendants deem "Confidential Information Attorneys' Eyes Only" shall be stamped as "Subject to Protective Order – Attorneys' Eyes Only" prior to production.

8. If Plaintiff contests the designation of particular documents as "Confidential Material or "Confidential Information – Attorneys' Eyes Only," then Plaintiff may bring an appropriate application in this Court as governed by the Local Civil Rules for the United States District Courts for the Southern and Eastern Districts of New York. That process shall begin with Plaintiff beginning a meet and confer process to attempt to resolve the dispute. If after engaging in the meet and confer process, Plaintiff still contends that a designation was not proper, that party shall notify the producing party in writing of its objection to the confidentiality designation. The producing party then has fourteen (14) days from receipt of such written notice to apply to the Court for an order specifically designating the disclosure at issue as "Confidential Material" or

"Confidential Information – Attorneys' Eyes Only." Notwithstanding any proceeding in this process, documents originally designated as "Confidential Material" or "Confidential Information – Attorneys' Eyes Only" shall remain so designated, and treated as such, unless and until there is a ruling to the contrary by the Court.

9. Documents stamped "Subject to Protective Order – Attorneys' Eyes Only" shall be used by counsel on behalf of the parties solely for the prosecution and/or defense of this action and shall not be published to the general public in any form, nor used for any administrative, business or commercial purpose, or enforcement action or other litigation.

10. The right of access to all materials designated as "Confidential Information – Attorneys' Eyes Only" shall be limited to the following authorized individuals:

(a) counsel for the parties, including support staff reasonably necessary to assist counsel and operating under counsel's direction, such as law students, paralegals or legal assistants, secretaries, and any other employees or independent contractors operating under counsel's instruction or direction;

(b) a present or former employees or representatives of the United States of America or any entity who may be examined and may testify concerning any documents and information designated as "Confidential Information – Attorneys' Eyes Only;"

(c) medical, technical or other experts and consultants and their staff who are retained by any party or party's counsel to assist in this action;

(d) qualified persons taking or recording testimony involving such documents or other information and necessary stenographic and clerical personnel thereof (for example, court reporters and video technicians);

5

(e) Judges and Magistrate Judges of the Court and their staff; and

(f) Clerk of the Court and his staff.

11. Plaintiff's counsel shall not disclose materials deemed "Confidential Information – Attorneys' Eyes Only" to Plaintiff, any third party not specified in Paragraph 10, or any unauthorized person without further order of the Court or stipulation by the parties. Nothing in this Protective Order imposes any obligations or limits on the Defendants or United States and/or counsel for the Defendants or United States, nor does this Protective Order limit or preclude in any way government personnel's rights to access and review documents deemed "Confidential Information – Attorneys' Eyes Only."

12. All individuals to whom documents deemed "Confidential Material" or "Confidential Information – Attorneys' Eyes Only" are disclosed shall be informed of and shall agree with the terms of this Protective Order; shall not disclose or use "Confidential Material" or "Confidential Information – Attorneys' Eyes Only," except in compliance with this Protective Order; and, acknowledge their agreement to comply with this Protective Order by signing a copy of the acknowledgement form, which is attached as Exhibit A. A copy of each such acknowledgement form must be provided promptly after its execution to counsel of record for both parties.

13. Each person to whom documents that are deemed "Confidential Information Attorneys' Eyes Only" is disclosed shall:

(a) maintain the information and documents protected from disclosure in a secure location;

(b) not reveal information and documents protected from disclosure to any person not authorized by and already subject to the terms of this Protective Order;

(c) not reveal or use the "Confidential Information – Attorneys' Eyes Only" except for the purpose of assisting the parties and their counsel in preparing and litigating this action; and

(d) not duplicate or copy the "Confidential Information – Attorneys' Eyes Only," except for the purpose of making a motion before the Court or for use at trial, with any copies submitted in compliance with the terms of this order.

14. With respect to all information and documents designated as "Confidential Material" or "Confidential Information – Attorneys' Eyes Only" in accordance with the terms of this Protective Order and any pleadings, motions or other papers to be filed with the Court disclosing information and/or documents protected from disclosure, the parties shall, before filing such information or documents with the Court, make a motion to the Court requesting permission to file such information or documents "under seal." If the party's request is granted, the information or documents to be filed "under seal" shall be delivered to the Court either enclosed in a sealed envelope bearing the caption of the case, an indication of the nature of the contents, and stamped "Confidential – Filed Under Seal," or filed electronically using a filing option that allows the document to be filed under seal and not made accessible to the general public. In addition, the parties shall publicly file redacted versions of the information or documents filed "under seal" if feasible, given the information that needs to be redacted.

15. Nothing in this Protective Order shall preclude any disclosure of documents that are subject to this Protective Order to any judge, magistrate, or employee of the Court for purposes of this case.

16. All "Confidential Material" or "Confidential Information – Attorneys' Eyes Only" supplied by the Defendants, and all copies thereof, shall be returned to counsel for the Defendants within ninety (90) days of the conclusion of this litigation through settlement and completion of

all settlement terms, or if applicable, after all trial and/or appellate proceedings have been completed. In the alternative, counsel for the Plaintiff may certify in a signed writing addressed to counsel for the Defendants that all "Confidential Material" or "Confidential Information – Attorneys' Eyes Only" has been destroyed.

17. Inadvertent production of any "Confidential Material" or information or documents deemed "Confidential Information – Attorneys' Eyes Only" without it being marked "Confidential Material" or "Subject to Protective Order – Attorneys' Eyes Only" shall not in itself be deemed a waiver of any claim or confidentiality as to those documents or information. If the Defendants fail to mark an item as "Confidential Material" or "Subject to Protective Order – Attorneys' Eyes Only" at the time of production, the Defendants may correct this failure in writing accompanied by substitute copies of each item, container or folder, appropriately marked confidential. In the event of inadvertent production or disclosure, the producing entity may provide written notice to the parties identifying the material inadvertently disclosed. Within five (5) business days of receipt of such notice, any individual or entity that received such allegedly privileged or protected material shall return to the producing entity all such material, and copies thereof, in his, her or its possession.

18. This Protective Order does not constitute a ruling on the question of whether any particular document or category of information is properly discoverable and does not constitute a ruling on any potential objection to discoverability, relevance, or admissibility of a document or information. Nor does this Protective Order constitute a ruling on the question of whether the Defendants or the United States may withhold any particular document or category of information on the basis of privilege.

19. This Protective Order does not constitute a waiver of any privilege or defense that the Defendants or United States have regarding the production of the requested information. Thus, this Protective Order cannot be used as evidence of a waiver of any production objection, including, but not limited to, relevance, undue burden, over breadth, ambiguity, or that the information sought will not lead to the discovery of admissible evidence.

20. This Protective Order is without prejudice to the rights of the Defendants to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or any statute or other authority. This Protective Order shall not prejudice in any way the right of the parties or of the Defendants to apply to the Court for a further protective order relating to any confidential information.

21. Nothing in this Protective Order shall prohibit or limit the United States or any of its agencies or employees from using or disclosing "Confidential Information" as the United States, its agencies, and its employees, would otherwise be authorized to do absent entry of the Protective Order.

\
\
\

[This space is intentionally left blank.]

\
\
\
\

22. It is contemplated that this Stipulation and Order may be executed in any number of counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument.

Dated: New York, New York
June 16, 2017

CARDOZO LAW
Civil Rights Clinic
*Counsel for Plaintiff*
55 Fifth Avenue, Room 1118
New York, New York 10003-4391

By: /s/ Betsy Ginsberg
BETSY GINSBERG
(212) 790-0871

Dated: Brooklyn, New York
June 16, 2017

BRIDGET M. ROHDE
Acting United States Attorney
*Counsel for Defendants*

By: /s/ Matthew J. Mailloux
MATTHEW J. MAILLOUX
Assistant United States Attorney
(718) 254-6176
matthew.mailloux@usdoj.gov

**SO ORDERED:**

This 22nd day of June, 2017

/S/ Judge Lois Bloom
HONORABLE LOIS BLOOM
United States Magistrate Judge
Eastern District of New York

10

# EXHIBIT A

## STIPULATION AND ORDER FOR THE PROTECTION OF DOCUMENTS AND INFORMATION ACKNOWLEDGMENT FORM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

ABDUL RAHIM HOWARD,

                Plaintiff,

        v.

HERMAN QUAY III, DEWAYNE HENDRIX,
MARCUS BRANCH, ANDY CRUZ,
KIMBERLY ASK-CARLSON, GLENFORD
EDWARDS, JERMAINE WILKINS,

                Defendants.

----------------------------------------X

**ACKNOWLEDGEMENT FORM FOR STIPULATION AND PROTECTIVE ORDER**

Civil Action No.
1:15-CV-4549
(Garaufis, J.)
(Bloom, M.J.)

I, _____, being duly sworn, state that:

1. My address is _____.

2. My present employer is _____ and the address of my present employment is _____.

3. My present occupation or job description is _____.

4. I have read and understand the provisions of the Stipulation and Order for the Protection of Documents and Information in this case and I will comply with all of its provisions.

5. I will hold in confidence, and not disclose to anyone not qualified under the Stipulation and Order for the Protection of Documents and Information, any confidential material or any words, summaries, abstracts, or indices of documents or information designated as "Confidential Material" or "Confidential Information – Attorneys' Eyes Only" that has been disclosed to me.

6. I will limit my use of "Confidential Material" or "Confidential Information – Attorneys' Eyes Only" solely to the purpose of this lawsuit.

I certify under penalty of perjury that the foregoing is true and correct.

Dated: _____     Signed: _____